## Continuation of Application for Search Warrant

Based on my knowledge, training and experience, and the investigation of law enforcement officers with personal knowledge and with whom I am working, I, Jonathan Kol, being duly sworn, depose and state as follows:

## INTRODUCTION

1. Based on the information set forth below, there is probable cause to believe that evidence of violations of federal law, specifically, 18 U.S.C. 2251(a), (e)- Sexual Exploitation and Attempted Sexual Exploitation of a Child, and 18 U.S.C. 2252A(a)(5)(B) and (b)(2) – Possession of Child Pornography will be found on the following items (collectively, the **Subject Devices**)

    a. black Samsung with no visible S/N;
    b. light blue RedMI Xiaomi with S/N 37794/F1ZU04064;

2. This Application requests the issuance of a warrant to examine the **Subject Devices** which were seized on August 13, 2022, following the arrest TYE STIGER.

## APPLICANT'S TRAINING AND EXPERIENCE

3. I am a Deputy with the United States Marshal Service ("USMS"), a position I have held since approximately January 2010. As part of my duties, I investigate criminal violations of the federal laws. I have been involved with various electronic surveillance methods, as well as others who have knowledge of the distribution, transportation, storage, and importation of Child Pornography. I have participated in investigations that have led to the issuance of search warrants involving violations of Child Pornography. These warrants involved the search of locations including residences of targets, their associates, smartphones, and computers. Evidence searched for, and recovered, in these locations has included Child Pornography, records and images pertaining to Child Pornography.

4. I know from training and experience that Sex Offenders frequently utilize mobile telephones and other electronic devices, such as tablets, laptops and desktop computers, to obtain and create child pornography. Mobile telephones are portable, and some mobile telecommunications service providers do not require purchasers of the devices to provide their names and/or addresses, so Sex Offenders often use the devices to avoid detection by law enforcement. Mobile phones often contain evidence indicative of child pornography, including records of incoming and outgoing calls and text messages with potential victims; photographs or videos of child pornography, in the case of "smart phones," Global Positioning System (GPS) data indicating the location of the device at given points in time. Additionally, sex

offenders typically maintain and use multiple mobile phones to evade detection by law enforcement.  Further, these types of devices are frequently used to access social media websites such as Facebook, Instagram, etc.  In my training and experience, sex offenders are using social media with increasing frequency to communicate with minor victims.

5.      I also know from training and experience that sex offenders use the camera functions on cell phones to take photos/video to produce Child Pornography

## PROBABLE CAUSE

6.      In February of 2022 Michigan State Police (MSP) were investigating STIGER for alleged criminal sexual conduct.  It was reported that STIGER sexually assaulted two minor females between the years of 2009 to 2015.

7.      On February 23, 2022, MSP executed a search warrant at STIGER's home, seizing a number of his electronic devices, including a cell phone and a computer.  Investigators inspected the contents of those devices and found numerous images of child pornography.  Some of the child pornography discovered were images STIGER produced including images of his two daughters.

8.      On July 19, 2022, a 35-count indictment was issued for STIGER in Hillsdale County.  The USMS was asked to assist in the apprehension of STIGER.  It was determined that STIGER fled the country in May 2022 and was in the Philippines with no return date.  The investigation discovered that STIGER was working with a group called CWCC – Longos Children's Ministry in the Philippines.  Through STIGER's social media accounts there were photos of STIGER with children volunteering at this organization.

9.      On August 13, 2022, STIGER was arrested at MM Hotel in Las Pinas, Philippines.  During his arrest, investigators seized the **Subject Devices** seized from STIGER's possession.

10.     On October 18, 2022, a federal Grand Jury seated in the Western District of Michigan returned an indictment charging STIGER with two counts of Sexual Exploitation and Attempted Sexual Exploitation of a Child and Possession of child pornography. On October 19, 2022, the Honorable Judge Phillip Green issued a federal arrest warrant for STIGER.

11.     On January 13, 2023, USMS personal took custody of STIGER in the Philippines and transported him to the United States with the **Subject Devices**.

12.     Based on the information set forth above, particularly the prior discovery of child pornography on STIGER's electronic devices, and my knowledge,

training, and experience, I respectfully submit there is probable cause to believe additional evidence of child pornography will be found in electronic format on the **Subject Devices**.

13. The **Subject Devices** are currently in storage at the USMS Office in Lansing. The **Subject Devices** have been stored in a manner in which their contents are, to the extent material to this investigation, in substantially the same state as they were when the **Subject Devices** were first seized in Las Pinas Philippines by Philippines Immigration Officers.

## ELECTRONIC STORAGE AND FORENSIC ANALYSIS

14. The warrant applied for would authorize the extraction and copying of electronically stored information, all under Rule 41(e)(2)(B).

15. Based on my knowledge, training, and experience, I know that electronic devices can store information for long periods of time. Similarly, things that have been viewed via the Internet are typically stored for some period of time on the device. This information can sometimes be recovered with forensics tools.

*Forensic evidence.* As further described in Attachment B, this application seeks permission to locate forensic electronic evidence that establishes how the **Subject Devices** were used, the purpose of the use, who used them, and when. There is probable cause to believe that this forensic electronic evidence might be on the **Subject Devices** because: Data on the storage medium can provide evidence of a file that was once on the storage medium but has since been deleted or edited, or of a deleted portion of a file (such as a paragraph that has been deleted from a word processing file).

16. Forensic evidence on a device can also indicate who has used or controlled the device. This "user attribution" evidence is analogous to the search for "indicia of occupancy" while executing a search warrant at a residence. *Nature of examination.* Based on the foregoing, and consistent with Rule 41(e)(2)(B), the warrant I am applying for would permit the examination of the **Subject Devices** consistent with the warrant. The examination may require authorities to employ techniques, including but not limited to computer-assisted scans of the entire medium, that might expose many parts of the device to human inspection in order to determine whether it is evidence described by the warrant.

## CONCLUSION

17. I respectfully submit that there is probable cause that evidence of 18 U.S.C. 2251(a), (e)-Sexual Exploitation and Attempted Sexual Exploitation of a Child, and 18 U.S.C. 2252A(a)(5)(B) and (b)(2) – Possession of Child Pornography will be

found in the **Subject Devices**. I submit that this application supplies probable cause for a search warrant authorizing the examination of the **Subject Devices** described in Attachment A to seek the items described in Attachment B.